AVELINO COLLADO, ETC., ET AL., Plaintiffs and Appellants, *v.* COMMONWEALTH OF PUERTO RICO, Defendant and Appellee.

No. R-67-341.    Decided December 10, 1969.

*Athos R. Castro Cros* for appellants. *Rafael A. Rivera Cruz, Acting Solicitor General,* and *Israel Arana Arana, Assistant Solicitor General,* for appellee.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On May 11, 1965, Gerardo Muñoz, a teacher at the Vocational High School of Ponce, was in the automobile paint room, located at the north side of the paint and tinsmith's shop, which is a structure that measures 80 feet long by 60 feet wide. A student, Leslie Morales, arrived to look for a vehicle which he had left for repairs. The teacher crossed from one side of the shop to the other and gave the keys to Morales.

Morales' vehicle did not start. There was no battery charger for this situation in the shop. When this occurred, a charger from repair shop which is near the school building

was generally used, or the students pushed the automobile. Before this emergency, professor Muñoz requested several students, among whom was plaintiff Avelino Collado, to get Morales' automobile outside the shop, pushing it.

The students did so. They pushed the car along the school yard which is graded, and the auto began to go down a slope. Collado laid down over the trunk of the car while it was going down, for which reason a school janitor shouted at him, warning him that he could suffer an accident. The car traveled a distance of 125 to 150 feet and stopped at a place the condition of which—especially whether it was level or inclined— was not established.[1]

Some of the students climbed inside the parked automobile. Plaintiff reclined on the trunk placing one of his feet over the back bumper. Suddenly, the vehicle began to move forward, "for reasons which the evidence did not explain." Collado lost his balance and fell on his back on the curb. While all this occurred professor Muñoz was inside the shop.

The janitor and another student took Collado to the institution's infirmary, where he was given first aid. From there he was taken to the Hospital de Damas, under the care of neurosurgeon Dr. Joseph Brinz. He had a small laceration in the occipital region one inch long. He complained of headache, fainting, and had vomited. The radiographic examination did not reveal any fracture. From observation Dr. Brinz determined that the pupil of the right eye had enlarged, for which reason he diagnosed the occurrence of a subdural hematoma. Two days later he operated to eliminate the clot. The findings from the bilateral trephination of the skull revealed two hematomas, a left one of 5 cubic centimeters, and a right one of from 10 to 15 cubic centimeters, which showed the beginning of a membrane formation. In conformance with the neurosurgeon's view the right hematoma was slightly organ-

---

[1] The transcript of evidence was not sent up when the appeal was perfected. We depend exclusively on the trial court's recital of the facts.

ized, which implied a formation process of ten to fifteen days to reach that state, for which reason the trauma which produced it could not have occurred on May 11. Subsequent to the accident, Avelino, who then was almost 18 years old, showed changes in his personality, becoming irritable and nervous, he was precluded from engaging in athletic activities, lost weight, and suffered from frequent headaches.

The trial court dismissed the complaint. Even though it indicated that the act of pushing an automobile is not dangerous per se nor involves greater risks, it indicated that the teacher had not fulfilled his supervision duty in requesting the students to do it without his being present. It stated that "The legal cause consisted in authorizing during school hours the plaintiff student to go out to push a car in the school yard and outside of the teacher's surveillance." It added, however, that the fall was due to plaintiff's action, which it described as "unforeseeable intervening cause." In order to elaborate this assumption exempting liability, it alleged that it was not foreseeable that once the vehicle had stopped a student would lean on the car and would lose his balance, and that "Hardly [could] the teacher [have] prevented the accident if he had exercised his supervision duty reasonably."

We agreed to review.

■■ Under the circumstances set forth it constituted an error to consider plaintiff's action as an unforeseeable intervening cause. See, *Ginés* v. *Aqueduct and Sewer Authority*, 86 P.R.R. 490 (1962); Restatement of Torts, § 441; Prosser, Torts 309 *et seq.* (3d ed.); 2 Harper and James, The Law of Torts 1141–1146.[2] If in effect plaintiff observed a conduct which revealed recklessness in placing himself voluntarily in a dangerous situation, it would entail a reduction of the in-

---

[2] Other opinions in which we have considered the question of intervening cause are *Torres Trumbull* v. *Pesquera,* 97 P.R.R. 329 (1969); *Pabón Escabí* v. *Axtmayer,* 90 P.R.R. 20 (1964); *Cruz Costales* v. *Commonwealth,* 89 P.R.R. 102 (1963); *Colón* v. *Shell Co.,* 55 P.R.R. 575 (1939).

demnity to which he might be entitled, § 1802 of the Civil Code, 31 L.P.R.A. § 5141, but it would not exempt defendant completely from liability for any negligence he may have incurred, even if it were minimal.

However, as the object of the review is the judgment and not its grounds, it is necessary to determine whether under the proven facts, some negligent act generating liability concurred on the part of the agent of the Commonwealth. The trial judge rightfully indicated that pushing an automobile is not a dangerous operation per se for an adult male. To extend the teacher's supervision duty to cover every imaginable danger, borders on demanding liability for consequences beyond those which can reasonably be anticipated or foreseen. See, *Rivera* v. *Amador*, 86 P.R.R. 812 (1962); *Rivera* v. *People*, 76 P.R.R. 378 (1954). Collado, a youth 18 years old, a student of vocational education, did not require special care, and as the trial court stated "hardly could the teacher prevent the accident if he had exercised his supervision duty reasonably." Plainly said, the teacher's action cannot be described as negligent. *Cruz Costales* v. *Commonwealth*, 89 P.R.R. 102 (1963), does not require a different result, since it is indicated therein, particularly, at page 109, that the degree of care which a teacher should exercise varies in relation to the age of the pupils.

Although for different reasons, the judgment rendered by the Superior Court, Ponce Part, on October 27, 1967 will be affirmed.

Mr. Justice Hernández Matos and Mr. Justice Santana Becerra dissented. Mr. Chief Justice Negrón Fernández did not participate herein.